UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTOR CHARLES ZERBY,<br><br>Plaintiff,<br><br>v.<br><br>PORTER COUNTY, et al.,<br><br>Defendants. | CAUSE NO. 2:24-CV-301-JD-AZ |

OPINION AND ORDER

Victor Charles Zerby, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Zerby alleges he broke his wrist the day before he was arrested while moving a ladder. When he arrived at the Porter County Jail at 6:00 P.M. on May 13, 2024—where he is being held on federal revocation charges—he was immediately assessed by Nurse Ember, and she noticed his wrist was injured. She told Zerby she would schedule an x-ray. During this initial assessment, Zerby informed Nurse Ember of his other medical needs, namely a cancer diagnosis for which he has been treated over the last seven years and nerve damage from stomach removal surgery. Nurse Ember took Zerby's prescription medicine bottles and refused to give them back to him due to "jail policy." ECF 1 at 2. Even after she consulted with a doctor, Zerby was not given his bottles. He claims he is experiencing pain in his abdomen but is not currently receiving any pain medication and only one-quarter of his nerve medicine. He was told to stop eating certain foods to try to alleviate the pain, but that did not work.

Zerby alleges he recently had a high fever due to an "obvious urine infection." *Id*. He wasn't able to come out of his cell on his own, so Nurse Debbra eventually had him carried to the front where she checked his blood pressure and pulse and told him to urinate in a cup. His roommate gave Nurse Charity the urine sample later that day, but it was accidentally lost. Three days later, Zerby was asked to urinate in a cup again. He doesn't provide details as to the outcome of that test.

As to his wrist, Zerby received an x-ray on June 7, 2024. He was then seen by an outside specialist on June 25, 2024, who told him his "tendon was severed because it raked across [his] broken bone for weeks" and that his wrist had "healed broken." *Id*. at 4. Zerby was told "nothing can be done but surgery." *Id*. He claims he was in pain for

2

nine weeks while waiting to see the specialist, and now his thumb is painful and "disabled." *Id.*

Zerby has sued Porter County, Valparaiso, IN, the Porter County Jail, Quality Correctional Care, and "Unknown Medical Staff Unknown Officers." *Id.* at 1. He seeks injunctive relief in the form of receiving medication and treatment for his needs.

Under the Eighth Amendment,[1] inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). However, ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily

---

[1] Zerby is being held on federal revocation charges and also indicates the events happened "[a]fter I was convicted while confined serving the sentence." ECF 1 at 6. Therefore, an Eighth Amendment analysis is appropriate for screening.

3

prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

To begin, Zerby cannot proceed against the Porter County Jail because it is a building rather than a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Similarly, he cannot sue the "Unknown Medical Staff/Unknown Officers" as a whole. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Moreover, there is no general respondeat superior liability under 42 U.S.C. § 1983, and Zerby doesn't describe any specific actions taken by these unnamed individuals in the body of his complaint that would state plausible claims against them. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Thus, the complaint does not state a claim against the "Unknown Medical Staff/Unknown Officers," so they will be dismissed.

Zerby also brings claims against Porter County and Quality Correctional Care, the company contracted by the Jail to provide medical care to inmates. As noted above, there is no respondeat superior liability under 42 U.S.C. § 1983, and neither a county nor a private company can be held liable for damages simply because it employed individuals who engaged in wrongdoing. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir.

2020). Local governments and private companies performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). In other words, the unconstitutional policy or custom must be the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021). Such a claim "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express municipal [or corporate] policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) (quotation marks and alterations omitted).

Here, Zerby refers vaguely to a policy that prohibits inmates from keeping their prescription medication bottles with them in their cell. Assuming such a policy exists, it is not plausible to conclude it was the proximate cause of any of his injuries. Zerby doesn't provide any details to suggest it is necessary for him to self-medicate or retain his original prescription bottles in his cell. More importantly, he admits he is receiving some medication—he refers to getting "one quarter of the nerve medicine" and also alleges "the nurse came to deliver medications." ECF 1 at 2. Thus, it's clear both that the jail has procedures in place to distribute medication to inmates—even if they are not

5

allowed to keep it in their cells—and that Zerby himself has received his medication, albeit not all of it. To the extent Zerby claims he hasn't received any pain medication and only some of his nerve medication, that speaks to the conduct of the individuals rather than a municipal or corporate policy that would trigger *Monell* concerns. Accordingly, the claims against Porter County and Quality Correctional Care will be dismissed. *See e.g., Dean,* 18 F.4th at 235-36; *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

That said, Zerby is entitled to receive constitutionally adequate medical care for his serious medical conditions while at the Porter County Jail. *Thomas*, 2 F.4th at 722. He claims his "abdomen is hurting very badly" and that he has not yet been seen by a doctor for that pain.[2] ECF 1 at 3. He also claims his wrist "still hurts" and that he needs surgery on it. *Id.* at 4. Zerby asserts he has not been given any pain medication for either condition since his arrival at the Porter County Jail in May. He seeks only injunctive relief in his complaint. Giving Zerby the benefit of the inferences to which he is entitled at this stage, he has stated a plausible Eighth Amendment claim for permanent injunctive relief in the form of receiving constitutionally adequate medical treatment for his abdomen and wrist. *See e.g., Goodloe*, 947 F.3d at 1031 (ignoring an inmate's complaints of pain or delaying necessary treatment can violate the Eighth Amendment).

---

[2] He alleges he previously had his stomach removed and that he was diagnosed with cancer seven years ago, but it's not clear if the diagnosis and/or surgery is related to his current pain.

6

The Porter County Sheriff has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Porter County Sheriff will be added as a defendant in his official capacity for injunctive relief related to Zerby's ongoing need for constitutionally adequate medical care.

For these reasons, the court:

(1) DIRECTS the clerk to add as a defendant the Porter County Sheriff in his official capacity;

(2) GRANTS Victor Charles Zerby leave to proceed against the Porter County Sheriff in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for his abdomen condition and wrist injury to the extent required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Porter County, Valparaiso, IN, the Porter County Jail, Quality Correctional Care, and Unknown Medical Staff/Unknown Officers;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Porter County Sheriff at the Porter County Sheriff's Office, with a copy of this order and the complaint (ECF 1); and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Porter County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 6, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT