UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

VICTOR CHARLES ZERBY,

Plaintiff,

v.

CAUSE NO. 2:24-CV-301-JD-AZ

PORTER COUNTY SHERIFF,

Defendants.

OPINION AND ORDER

Victor Charles Zerby, a prisoner without a lawyer, filed a "Motion for Clarification, Revisement (sic) and Preservation." ECF 6. In it, he takes issue with the court's interpretation of his complaint in the screening order. Accordingly, the motion will be construed as one for reconsideration. District judges have the discretionary authority to reconsider interlocutory orders any time before final judgment. *See Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). "The authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006) (citations omitted). Reconsideration of an interlocutory order "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted).

In the screening order, the court granted Zerby leave to proceed against the Porter County Sheriff in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for his abdomen condition and wrist injury to the extent required by the Eighth Amendment. ECF 4. Zerby's other potential claims were dismissed because: (1) the Porter County Jail is not a suable entity; (2) he cannot sue "Unknown Medical Staff/Unknown Officers" as a whole without alleging specific actions by the unnamed individuals that would subject them to liability; and (3) he did not plausibly describe a policy by Porter County or Quality Correctional Care that was proximately causing him any injuries. *See id.* at 4–6.

In Zerby's current motion, he provides additional details and argues that the court misunderstood his policy allegations. He states he wasn't "upset that he was unable to 'self carry' his medications" but rather that the Jail has a policy that "forbid[s] plaintiff from receiving *any* of the medications prescribed by his outside doctors." ECF 6 at 2 (emphasis added).[1] He also, for the first time, says he wants to preserve a claim for "punitive damages" related to his medical treatment. *Id.* at 3.

As noted above, Zerby's original complaint did not state any plausible claims except for an injunctive relief claim against the Sheriff. Importantly, Zerby sought only injunctive relief in his complaint (*see* ECF 1 at 6), so even if the court misunderstood his *Monell* claim, any policy issues that were potentially causing him ongoing medical harm

---

[1] He specifically refers to pain and nerve medication he was previously prescribed after his "complex set of operations" that "rid" him of his cancer. ECF 6 at 2. Of note, the statement that he was not receiving any medication conflicts with the statement in his complaint—declared under penalty of perjury—that he was receiving one-quarter of his nerve medication while at the Jail. *See* ECF 1 at 2.

were encompassed by the claim allowed to proceed against the Sheriff. The fact that Zerby has added additional clarifying details and now seeks monetary damages as relief doesn't provide a valid basis for reconsidering or modifying the court's original screening order. Therefore, the motion for reconsideration will be denied.[2]

As a final matter, the court notes that, according to his recent correspondence, Zerby has been transferred from the Porter County Jail to the Metropolitan Correctional Center. *See* ECF 7. This is consistent with the recent revocation judgment entered in *United States v. Zerby*, cause no. 2:23-CR-094-GSL-JEM (N.D. Ind. Sept. 26, 2023), wherein on June 4, 2024, he was "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 8 months." *See id*. at ECF 22. Therefore, it appears his claim for injunctive relief against the Porter County Sheriff has become moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). If the claim has become moot, it must be dismissed for lack of jurisdiction. *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021). Accordingly, Zerby will be ordered to show cause why this claim should not be dismissed.

For these reasons, the court:

(1) CONSTRUES the motion for clarification (ECF 6) as a motion for reconsideration;

(2) DENIES the motion to reconsider (ECF 6); and

---

[2] The denial does not prevent Zerby from amending his complaint in accordance with both the Federal and Local Rules. *See* Fed. R. Civ. P. 15(a); N.D. Ind. L.R. 15-1; *see also* N.D. Ind. L.R. 7-6.

(3) ORDERS Victor Charles Zerby to show cause by **October 23, 2024,** why the claim for injunctive relief against the Porter County Sheriff should not be dismissed as moot.

SO ORDERED on September 24, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT