UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTOR CHARLES ZERBY, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:24-CV-301-JD-AZ |
| PORTER COUNTY SHERIFF, | |
| Defendant. | |

OPINION AND ORDER

Victor Charles Zerby, a prisoner without a lawyer, filed an amended complaint. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Zerby alleges that he received inadequate medical treatment for his broken wrist from May 21, 2024, to September 12, 2024, at the Porter County Jail. Based on these allegations, he seeks damages from the Porter County Sheriff in his official capacity because he did not receive medical care while under the custody of this defendant.

The court first considers the differences between personal-capacity suits and official-capacity suits. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* "On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* "More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." *Id.*

Consequently, a claim against the Porter County Sheriff in his official capacity is a claim against the Porter County Sheriff's Department. To proceed on such a claim, Zerby must allege that a policy or custom of the Porter County Sheriff's Department acted as the moving force behind the lack of medical treatment provided to Zerby at the Porter County Jail. The amended complaint does not allude to any of the policies or customs of the Porter County Sheriff's Department and so does not state a plausible claim against the Porter County Sheriff in his official capacity.

Considering Zerby's status a pro se litigant, the court will also consider whether the allegations state a plausible claim against the Porter County Sheriff in his personal capacity. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. However, supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). The amended complaint includes no indication that the Porter County Sheriff knew that Zerby required medical treatment for his broken wrist or that he had any personal involvement with respect to Zerby's medical care or the lack thereof. Therefore, the amended complaint does not state a plausible claim against the Porter County Sheriff in his personal capacity.

In sum, the amended complaint does not plausibly state a claim upon which relief can be granted. Notably, the court must "[grant] IFP plaintiffs leave to amend their complaints at least once when Rule 15(a) would allow amendment in the case of fee-paying litigants." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, here, the court has previously granted Zerby leave to amend after finding that the claims in the initial complaint were invalid because he did not describe the personal involvement of individual defendants and because he did not identify a policy or custom that acted as the moving force behind a constitutional deprivation as

3

required for a local governmental or corporate entity. ECF 4. Therefore, the court will dismiss this case rather than granting Zerby an additional opportunity to amend the complaint.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on May 9, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT